UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Erin Sullivan, | ) |
|         Plaintiff, | )   COMPLAINT |
| -against- | ) |
| | )   JURY TRIAL DEMANDED |
| Brian Nguyen and Peak Campus Management, LLC., | ) |
|         Defendants. | ) |

## PRELIMINARY STATEMENT

1. This is a civil diversity action in which the plaintiff, ERIN SULLIVAN, seeks relief for the negligent conduct of the defendants that caused her to be shot in the back by defendant Nguyen. The plaintiff seeks damages, an award of costs, and interest, and any further relief as this Court deems just and equitable.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332, this being an action where the amount in controversy exceeds, $75,000.00 and there is diversity of citizenship.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff ERIN SULLIVAN is a resident of Andover, Massachusetts.

6. Defendant BRIAN NGUYEN is a resident of Manchester, New Hampshire.

7. Defendant PEAK CAMPUS MANAGEMENT, LLC, is a foreign limited liability company with a principial office in Atlanta, Georgia.

## FACTS

8. On September 3, 2020, defendant Nguyen was in his room at the Lodges at West End an off-campus student housing owned and operated by defendant Peak Campus Management, LLC.  He is a Marine veteran, trained and experienced in the handling and use of firearms.

9. In his room he possessed a number of firearms in violation of Lodges and UNH policy.

10. While "dry firing" one of his handguns, defendant Nguyen caused a bullet to discharge from the handgun.  That bullet passed through a wall, or walls, and struck the plaintiff Sullivan in the back.

11. Plaintiff Sullivan suffered serious and permanent injury due to the incident.

## COUNT I
### NEGLIGENCE AGAINST DEFENDANT NGUYEN

12. Plaintiff realleges Paragraphs 1-11.

13. Defendant Nguyen had a duty to safely operate and handle any firearm in his possession and control.

14. As a Marine he was trained in the operation and handling of weapons.

15. As part of his training, he was taught always to handle a weapon assuming it was loaded.

16. "Dry firing" is defined as the practice of simulating the discharge of a firearm without any live ammunition.

17. Safety requires that one dry firing a weapon check, double-check and then triple-check that the weapon is not loaded.

18. Safety also requires that the user only aim the gun at a backdrop that can stop a bullet, preferably not inside a room.

19. Adhering to these safety requirements is necessary to ensure the safety of the shooter and others in the area.

20. Defendant Nguyen violated all these safety requirements by dry firing a handgun that was loaded inside a room within off-campus student housing.

21. He acted negligently and recklessly knowing of the risks of dry firing a weapon and ignoring those risks.

22. By doing so he violated his duty to the other residents of the Lodges including plaintiff Sullivan.

23. Defendant Nguyen's conduct was the proximate cause of permanent physical and emotional injuries to plaintiff Sullivan.

## COUNT II
### NEGLIGENCE AGAINST PEAK CAMPUS MANAGEMENT, LLC

24. Plaintiff realleges paragraphs 1-23.

25. Defendant Peak Campus had a duty to keep its residents including Plaintiff Sullivan safe.

26. As part of its duty, it had an obligation to enforce safety rules and procedures promulgated by Peak Campus and UNH.

27. Those rules and regulations forbid students from possessing firearms in their apartment unit.

28. Defendant Nguyen, in violation of those rules and regulations, possessed five or more firearms in his apartment unit, including the one that he shot the plaintiff with.

29. Defendant Peak Campus knew, or should have known, that defendant Nguyen was in violation of those rules and regulations.

30. Defendant Peak Campus had a duty to establish procedures to monitor those rules and regulations and otherwise to provide for the safety of residents and visitors at the Lodges.

31. The failure to satisfy those duties was the proximate cause of the injuries to the plaintiff Sullivan.

32. As a proximate cause of Defendant Peak Campus' breach of duty the plaintiff Sullivan suffered serious and permanent injury.

WHEREFORE, the plaintiff demands the following relief against defendants:

A. Compensatory damages;

B. The convening and impaneling of a jury to consider the merits of the claims herein;

  E. Costs and interest; and

  F. Such other and further relief as this Court may deem appropriate and equitable.

| | |
|---|---|
| Dated:  January 26, 2021 | */s/Lawrence A. Vogelman* <br> Lawrence A. Vogelman #10280 <br> Shaheen & Gordon, P.A. <br> 353 Central Ave., 2nd Fl.; P.O. Box 977 <br> Dover, NH 03821 <br> 603-749-5000 <br> Email:  Lvogelman@shaheengordon.com |